IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JONAS THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:13CV948 |
| | ) |
| MR. ROY COOPER, | ) |
| | ) |
| Respondent. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed a Motion to Dismiss on Statute of Limitations Grounds (Docket Entry 5) and Initial Answer (Docket Entry 4). Petitioner was notified (Docket Entry 7) of his right to reply to the Respondent's Motion to Dismiss (Docket Entry 5) but no reply was forthcoming.

### Background

On December 5, 2007 Petitioner pled guilty in Superior Court, Guilford County to trafficking by transporting 400 grams or more of cocaine, trafficking by possessing 400 grams or more of cocaine, and conspiracy to traffic 400 grams or more of cocaine, in cases 07 CRS 80032-33 and 40. (Docket Entry 1, §§ 1-6, Docket Entry 6, Exs. 1-2.) He was sentenced to 175-219 months imprisonment. (Docket Entry 1, § 3; Docket Entry 6, Ex. 2.) Petitioner did not file a direct appeal. On November 7, 2011, Petitioner filed a Motion for Appropriate Relief ("MAR") in Superior Court, Guilford County, which was denied on January 12, 2012. (Docket Entry 6, Exs. 3-4.) Petitioner then filed a petition for a writ of

certiorari with the North Carolina Court of Appeals on April 12, 2012 and it was denied on April 18, 2012. (Docket Entry 6, Exs. 5 and 7.) Next, Petitioner filed a notice of appeal, petition for a writ of certiorari, and motion to appoint counsel in the Supreme Court of North Carolina on April 24, 2013, which were all dismissed on August 27, 2013. (Docket Entry 6, Exs. 8-9.) Petitioner signed his Petition on October 16, 2013 and it was file stamped by the Clerk of Court on October 24, 2013. (Docket Entry 1.)[1]

## Petitioner's Claims

In Petitioner's own words, he claims: (1) "the state lacked probable cause for the initial stop and substantial evidence for the conviction, which prejudiced the Petitioner's due process right to redress the allegations within the officer's reports that contradicted one another, based on the facts on the evidence," and (2) "the state lacked probable cause for the initial stop that garnered the conviction illegally based on the facts of the evidence presented within the arresting officer's reports which were contradictory." (*Id.* § 12.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 5.) In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:

---

[1] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on October 16, 2013, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (Docket Entry 1 at 14.)

2

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that subparagraphs (B)-(D) of § 2244(d)(1) apply here.

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, Petitioner pled guilty and judgment was entered on December 5, 2007. (Docket Entry 1, §§ 1-6, Docket Entry 6, Exs. 1-2.) The period to file a notice of appeal expired fourteen days later on December 19, 2007; no appeal was filed. *See* N.C. R. App. P. 4(a)(2) ("Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by . . . filing notice of appeal with the clerk of superior court . . . within fourteen days after entry of the judgment."). Petitioner's federal habeas deadline thus began running on December 19, 2007.

Absent tolling, it expired one year later in December of 2008. Petitioner did not file the instant Petition until October 16, 2013; consequently, the instant action is more than four years late.

The undersigned notes that the instant action would have been subject to statutory tolling if Petitioner had a properly filed post-conviction petition pending in state court during the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)"). However, statutory tolling does not apply here because none of Petitioner's state post-conviction proceedings were pending during the limitations period. In other words, Petitioner's time to file in this Court expired before he made any state court filings. Filings made after the limitations period has ended do not revive or restart it. *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). None of Petitioner's state filings were made prior to the expiration of the limitations period in December 2008.

Petitioner does not dispute the foregoing time-line. Instead, he argues in section eighteen of his Petition that the statute of limitations does not bar his claim even though his conviction became final over a year ago because:

> Petitioner exemplifies that by law he is entitled to redress, based on the facts of the evidence, as the state lacked proper jurisdiction for the conviction which obtained the arrest without probable cause for the initial stop at the scene of the crime. Based on the arresting officer's reports that where in fact clearly contradictory upon coinciding to the actual events that took place during their encounter of the suspect[']s activity during their routine patrol that failed to produce any traffic violation or

criminal activity to demonstrate that probable cause for the investigatory stop to justify their motives and actions for such conduct as to be considered as routine for their illegal search and seizure in violation of the Petitioner's constitutional rights[.]

(Docket Entry 1, § 18.)

Petitioner therefore appears to be asserting that the state lacked jurisdiction over him because it lacked probable cause for the initial stop at the scene of the crime. In other words, Petitioner appears to be arguing that the merits of his Fourth Amendment claims justify the late filing of his federal habeas petition. However, this argument is unpersuasive. The potential merits of a claim generally do not affect the timeliness analysis. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003). While it is true that the United States Supreme Court has recognized that the doctrine of equitable tolling applies to the time bar set forth in Section 2244, that doctrine does not apply here. *See Holland v. Florida*, 560 U.S. 631, 648, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may excuse an untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)). Nevertheless, Petitioner has not made any equitable tolling argument and none is apparent on the face of the pleadings.

It is also true that recently, the Supreme Court recognized in *McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitation. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, ___ U.S. at ___, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error

5

with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, it does not appear that Petitioner is asserting his actual innocence of the crimes to which he earlier pled guilty. However, even if the block quotation set forth above is liberally construed as an effort to assert Petitioner's actual innocence, it would fail as being insufficiently conclusory to affect the timeliness analysis. In the end, Petitioner is not entitled to equitable tolling, his Petition was filed out of time, and Respondent's Motion to Dismiss should be granted. An evidentiary hearing in this matter is not warranted.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

Joe L. Webster<br>
United States Magistrate Judge

April 9, 2014
Durham, North Carolina